IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAKEEM K. ONALAJA,

       Petitioner,

v.                                                                          Civil No. 11-974 JH/RHS

RAY TERRY, Warden,

       Respondent.

**MAGISTRATE JUDGE'S PROPOSED**
**<u>FINDINGS AND RECOMMENDED DISPOSITION</u>**

       THIS MATTER is before the Court on Petitioner's Petition For A Writ Of Habeas

Corpus ("Petition") pursuant to 28 U.S.C. § 2241 filed October 31, 2011 [Doc. 1].  This case was

referred to the undersigned by the trial court with instructions to recommend an ultimate

disposition of the case [Doc. 6].  The Government filed a Motion To Dismiss and Answer to the

Petition for Writ of Habeas Corpus ("Response") on December 15, 2011 [Doc. 11].  Petitioner

filed his Reply to the Government's Response to Petitioner's Petition for Writ of Habeas Corpus

and Complaint for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2241 ("Reply") on

January 9, 2012 [Doc.14].

**I.**
**NATURE OF THE CASE**

       Petitioner originally arrived in the United States on May 31, 1981 as a non-immigrant

[Doc. 11-1].  Petitioner filed an application for change of status to "Lawful Permanent Resident"

on September 16, 1983 [Doc. 11-1] and his status was adjusted on December 13, 1983

[Doc. 11-2].  In 1985, Petitioner was incarcerated for various criminal convictions and

immigration officials commenced deportation proceedings [Doc. 11-1].  Immigration Officials

were unable to deport Petitioner because he absconded from custody.

On December 17, 2010, Immigration Officials located Petitioner and removal proceedings were reinstated [Doc.11-1]. Another final order of removal was issued against Petitioner [Doc. 11-12] on February 28, 2011. Petitioner, for the first time, claimed that he was born in The Republic of Sierra Leone, a country in West Africa [Docs. 1, 11-19]. Petitioner remains in custody and filed the instant § 2241 Petition seeking release [Doc. 1].

In response to the Petition, the Government filed a Motion to Dismiss and Answer To The Petition For A Writ of Habeas Corpus [Doc. 11]. The Government submitted exhibits and affidavits to support the Motion. Likewise, Petitioner's Reply was submitted with exhibits.

When evaluating a motion to dismiss, this Court may not consider any pleadings or information outside of the complaint. Fed.R.Civ.P. 12(b)(6); Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir. 1998). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d); Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 713 (10th Cir. 2005).

In this case, the parties have already had reasonable opportunity to present materials that are pertinent to the entire proceeding. Petitioner attached exhibits to both his Petition [Doc. 1] and his Reply [Doc.14]. On December 15, 2011, the Court entered its Order [Doc. 12] granting the Government's Motion to Exceed Page Limit on Attachments [Doc. 10]. The Government attached exhibits to its Response [Doc.11]. The Court, in considering the Government's Motion to Dismiss, reviewed all of the exhibits introduced by both parties.

Providing formal notice to the parties that they can submit material pertinent to the motion because it will be converted to summary judgment is not necessary when they already submitted exhibits.  Furthermore, the Tenth Circuit has stated that the "failure to give notice [that a court intends to convert the motion to dismiss] is not reversible error if a party does not attempt to exclude the supporting documents, but files its own sworn affidavits in response."  Nichols v. United States, 796 F.2d 361, 364 (10th Cir. 1986).  "Where a party has responded in kind to the movant's attempt to convert the motion, that party cannot later claim unfair surprise." 796 F.2d 361 at 364.  Here, neither the Government nor the Petitioner have sought to exclude any exhibits. The Court finds that the Motion to Dismiss should be treated as a motion for summary judgment and the Court will therefore consider the exhibits and affidavits attached to the Petition, Response and Reply.

After review of the pleadings and exhibits introduced by the parties and relevant authorities, the Court concludes that the relief the Government requests should be granted, and therefore recommends that the Petition for Writ of Habeas Corpus [Doc. 1.] be denied and the matter dismissed with prejudice.

## II.
## UNDISPUTED FACTS

The Government's Motion to Dismiss contains a section entitled "Factual Background" in narrative form and another section entitled "Answer to Allegations" that contains the Government's answer to each of the seven (7) "Factual Allegation[s]" set forth in the Petition. Petitioner's Reply contained a "Statement of Facts" [Doc. 14].  Petitioner generally states that he "does not agree with the allegations the government is making in their response" [Doc. 14, at 2].

3

Petitioner did not challenge some of the Government's assertions.  According to the Federal Rules of Civil Procedure, "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . ."  Fed. R. Civ. P. 56(e).  The local rules also state that "[a]ll material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted."  D.N.M.LR-Civ. 56.1(b).  Thus, the Court recognizes the following facts as presented in the Response [Doc. 11] and supported by relevant exhibits or undisputed in the Reply.

1.      Petitioner is a native and citizen of the Federation of Nigeria.  See Onalaja v.United States Department of Immigration & Naturalization, 874 F.2d 816, 1989 WL 46693 (9th Cir. 1989); Doc. 11-2,  Application For Status As Permanent Resident; Doc. 11-3, Authorization and Certificate of Confidential Marriage; Doc. 11-15, Federation of Nigeria Emergency Certificate.

2.      On February 14, 1986, Immigration and Naturalization Service ("INS") took Petitioner into custody [Doc. 1; Doc. 11-1].

3.      On October 22, 1986, an Immigration Judge ordered Petitioner removed [Doc. 11-1].

4.      In 1986, authorization and travel documents were obtained for Petitioner's return to Nigeria [Docs. 11-6, 11-15].

5.      Petitioner did not dispute that he was a citizen of Nigeria [Doc. 11-1].

6.      Petitioner did not return to Nigeria [Doc. 11-6].

7.      On May 28, 1991 and August 6, 1991, respectively, the INS served Petitioner two

4

notices to surrender [Doc. 11-1]. Petitioner claims he never received any notice of surrender [Doc. 14].

       8.      On July 14, 2002, Petitioner was arrested on charges of Lewd Act Upon A Child [Docs.11-1, 11-9]. He was convicted on April 9, 2004, and sentenced to 6 years imprisonment [Docs.11-1, 11-9].

       9.      On December 17, 2010, Immigration Officials located Petitioner at the California Rehabilitation Center at Norco, California [Doc. 11-10].

      10.     On January 4, 2011, Petitioner was taken into the custody of Immigration and Customs Enforcement ("ICE") [Doc. 1, ¶6, Doc. 11-1].

      11.     On February 28, 2011, a final order of removal was issued against Petitioner [Doc. 11-12].

      12.     Travel authorization and documents were obtained for Petitioner to return to Nigeria [Docs. 11-15, 11-18, 11-19].

      13.     Petitioner was taken to the Albuquerque International Airport on August 2, 2011 where Petitioner refused to board the aircraft [Doc. 11-18, 11-19].

      14.     Petitioner claimed, for the first time, that he was born in Sierra Leone [Doc. 1, Doc 11-19, 11-21, 11-22].

### III.
### ANALYSIS

**1. Summary Judgment Standard**

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The opposing party may

not rest upon mere allegations and denials in the pleadings, but must set forth specific facts

showing that there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986) (citing Fed. R. Civ. P. 56(e)).  An issue of fact is "genuine" if the evidence is

significantly probative or more than merely colorable such that a jury could reasonably return a

verdict for the non-moving party.  Id. at 249-50 (citations omitted).  Mere assertions or

conjecture as to factual disputes are not enough to survive summary judgment.  See Branson v.

Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

    **2. Petitioner's Unlawful Detention Argument**

    Petitioner challenges his detention, specifically, claiming that "his continued detention is

unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in

Zadvydas" [Doc.1, para 21].  He asserts that "the six-month presumptively reasonable period for

removal efforts has expired" and that his removal is not likely to occur [Doc. 1, para 2].  While

the Government concedes that the six-month period has expired, the Government asserts that the

removal period has been suspended pursuant to 8 U.S.C. § 1231(a)(1)(C) [Doc.11, ¶3] because

Petitioner is obstructing his removal by now claiming that he is not a citizen of Nigeria but is a

citizen of Sierra Leone [Doc. 11].

    The relevant removal statute states that "the Attorney General shall remove the alien

from the United States within a period of 90 days (in this section referred to as the 'removal

period') [8 U.S.C. § 1231(a)(1)(A)].  An exception to this requirement is provided in

8 U.S.C. § 1231(a)(1)(C), which states:

> The removal period shall be extended beyond a period of 90 days
> and the alien may remain in detention during such extended period

> if the alien fails or refused to make timely application in good faith
> for travel or other documents necessary to the alien's departure or
> conspires or acts to prevent the alien's removal subject to an order
> of removal.

The Government urges Petitioner's continued detention arguing that: (1) Petitioner has failed to meet his burden by not demonstrating that there is no significant likelihood of removal, (2) Petitioner's detention under a final removal order is proper under 8 U.S.C. § 1231(a), and (3) Petitioner's removal period has been suspended pursuant to 8 U.S.C. § 1231(a)(1)(C).

The Government contends Petitioner's detention remains reasonable because Petitioner cannot demonstrate there is "no significant likelihood of removal" given the previous issuance of travel documents [Doc. 11].  Petitioner's Reply [Doc. 14] asserts that both the Sierra Leone and Nigerian Consulates have refused to issue Petitioner travel documents and therefore he should be released.  It is the alien's burden to show that "there is no significant likelihood of removal in the reasonably foreseeable future" Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003).  An alien cannot meet this burden when the "alien's refusal to cooperate fully and honestly with officials to secure travel documents from a foreign government" obstructs deportation Lema v. INS, 341 F.3d 853, 856 (9th Cir. 2003).  Petitioner claims that he has "taken every necessary step to effectuate his removal" [Doc. 14].  This Court is not convinced.  Petitioner's Application for Status as Permanent Resident and Authorization and Certificate of Confidential Marriage reflect that his birthplace was Nigeria [Docs. 11-2, 11-3].  The Ninth Circuit made a finding that Petitioner is a native and citizen of Nigeria.  874 F.2d at 816.  Travel authorization and documents were issued for Petitioner to return to Nigeria not once, but twice [Docs. 11-6, 11-15, 11-19].  The second time, the Deportation Officers transported Petitioner to the airport and when

faced with boarding the aircraft Petitioner refused and asserted he was a citizen of Sierra Leone [Doc. 11-19].  Now, Petitioner seeks habeas relief claiming he is a citizen of Sierra Leone but fails to provide any admissible evidence to support his claim [Docs. 1 and 14] or to provide any credible explanation why he failed to raise this issue about his citizenship to the U.S. Government until now.  In addition, Petitioner does not explain why he did not try to correct the record when the 9th Circuit found Petitioner was a native and citizen of Nigeria.  This does not represent full and honest cooperation with officials.

The Government also asserts that Petitioner's detention is proper pursuant to 8 U.S.C. §1231(a) because his removal proceedings are final [Docs. 11 and 11-12].  Petitioner argues that he continues to challenge his removal, stating the removal is not final [Doc. 14, ¶10]. Specifically, he states that "[i]t will not have made any sense for Petitioner to tell the Nigerian Consulate that he was fighting his case" if it was final, and cites to the Government's Exhibit 1 to support his allegation [Doc. 14, ¶10].  Nothing contained in the Government's Exhibit 1 suggests that his removal is not final.

Finally, the Government asserts that the removal period under §1231(a)(1) is suspended if the alien does not cooperate with removal or acts to prevent removal [Doc. 11].  Petitioner asserts that he has been cooperative, and did not "obstruct his own removal" [Doc. 14].  He claims that the most recent travel documents were obtained illegally but fails to introduce any evidence to support this contention.  Petitioner makes baseless allegations that documents were obtained through "bribery and corruption" that "plague Nigerian Consulate in New York" [Doc. 14, ¶ 17].  It is evident that now that Petitioner faces certain removal he is providing conflicting information concerning his nationality to delay removal.  Courts have allowed continued

detention of aliens who have hampered the INS's ability to effectuate removal. See Benn v. Bureau of Immigration and Customs Enforcement, 82 Fed.Appx.139 (5th Cir. 2003) (affirming judgment of district court where alien made incomplete and conflicting statements to prevent his removal). The Government contends that the statutory removal period contained in 8 U.S.C. § 1231(a) has been suspended by Petitioner's uncooperative actions [Doc. 11]. Denying citizenship to the consulate and providing false or misleading information to impede issuance of travel documents among other acts have been sufficient evidence for courts to find a prisoner's continued detention is allowed by 8 U.S.C. § 1231(a)(1)(C) and to deny habeas corpus relief. Lema v. I.N.S, 341 F.3d 853, 857 (9th Cir. 2003); Roach v. Holder, 344 Fed.Appx. 945, 946-7 (5th Cir. 2009); Blankson v. Mukasey, 261 Fed.Appx. 758 (5th Cir. 2008).

Petitioner alleges he was born in Sierra Leone, but the undisputed facts show that he did not make that claim until his removal was a certainty and travel documents had been issued in 2011. The exhibits reflect that Petitioner did not assert Sierra Leone citizenship during the removal proceedings between 1985 and 1991. The undisputed material facts confirm that Petitioner is a citizen of Nigeria, and Petitioner offers no tangible evidence to the contrary. Petitioner has not met his burden to show that there is no significant likelihood of removal. As a result, the Court finds the Government is entitled to summary judgment and Petitioner's Motion for habeas relief should be denied.

In support of the Motion to Dismiss, the Government also asserted that (1) Petitioner's continued detention serves a legitimate government purpose, and (2) Petitioner 's "unclean hands" preclude habeas relief [Doc. 11-1]. The Court does not address these additional arguments because the Government should prevail on the first three arguments.

## IV.
## RECOMMENDATION

The Court concludes that the Government's Motion to Dismiss [Doc. 11] should be granted, therefore the Court also recommends that the Petition [Doc. 1] be dismissed with prejudice.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

Robeet Hayes Scott
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

10